## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Elizabeth M. Jensen f/k/a Elizabeth M. Cooper,<br><br>       Plaintiff,<br>v.<br><br>Specialized Loan Servicing LLC  and Randall S. Miller & Associates, PLLC,<br><br>       Defendants. | Case No. _____<br><br><br>**CLASS ACTION COMPLAINT**<br><br>**WITH JURY TRIAL DEMANDED** |

COME NOW Plaintiff Elizabeth M. Jensen f/k/a Elizabeth M. Cooper, on behalf of herself and all other similarly situated, and for Plaintiff's Class Action Complaint against Specialized Loan Servicing LLC, and Randall S. Miller and Associates, PLLC states as follows:

### INTRODUCTION

1.     This action arises out of Defendants' illegal foreclosure of Plaintiff's home causing Plaintiff, and others similarly situated, prejudice and irreparable harm.

2.     This action arises out of Specialized Loan Servicing LLC's foreclosure of a mortgage outside Minnesota's statute of limitations for foreclosure of a mortgage in violation of Minn. Stat. § 58.13.

3.     This action also arises out of Defendant Randall Miller and Associates, PLLC's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

1

4.      This Class Action Complaint seeks, on behalf of the Plaintiffs and all other consumers statewide similarly situated, declaratory judgment, injunctive relief, compensatory damages, and statutory damages against the Defendants for their routine practice of foreclosing on stale mortgages in violation of 15 U.S.C. § 1692f(6) and in violation of Minnesota law.

## JURISDICTION

5.      Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6.      This Court can exercise supplemental jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367 as they are so related that they form part of the same case or controversy.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct in question occurred in this District, one or more of the Plaintiff resides in this District, and the Defendants transact substantial business in this District.

## PARTIES

8.      Elizabeth M. Jensen f/k/a Elizabeth M. Cooper ("Plaintiff" or "Jensen") is a natural person who resides in the city of Apple Valley county of Dakota, state of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9.      Plaintiff is a mortgagor of the subject property, with an address of 14120 Forest Ln., Apple Valley, MN 55124, legally described as

        Lot 1, Block 3, Cedar Isles Estates 5th Addition

(the "Property" or "Home").

10.     Jenson's ex-husband, Clyde Cooper, is deceased and was also a mortgagor.

11.     Defendant Specialized Loan Servicing LLC ("SLS") is registered in Minnesota

as a Foreign Limited Liability Company.  SLS has a principal place of business

address at 6200 S. Quebec Street, Suite 300, Greenwood Village, CO 80111. SLS has

a registered agent of United Agent Group, Inc. at 5200 Willson Road, #150, Edina,

MN 55424.

12.     SLS is a a residential mortgage servicer, as defined by Minn. Stat. §§ 58.02,

subd. 20 and subd. 22, that engages in the activity of servicing a residential

mortgage through any medium or mode of communication, the collection or

remittance of which is based on the right or obligation to collect or remit to a

lender a consumer's payments related to a residential mortgage loan.

13.     Defendant Randall S. Miller & Associates, PLLC ("Miller and Associates")

is a professional limited liability company incorporated under the laws of the

state of Michigan. Defendant Miller and Associates is licensed to do business in

the state of Minnesota, regularly conducts business within said State, has a

principal place of business located at 43252 Woodward Avenue, Suite 180,

Bloomfield Hills, MI 48302.  Defendant has an office address located in

Minnesota at 8525 Edinbrook Crossing, Suite 210, Brooklyn Park, MN 55433.

14.     Defendant Miller and Associates is a "debt collector" as that term is defined

by 15 U.S.C. § 1692a(6) and §1692f(6).

3

## FACTUAL ALLEGATIONS AS TO PLAINTIFF

15.    On or about January 8, 2007, Plaintiff Jensen and her now-diseased husband executed and delivered a promissory note to Mortgage Electronic Registration Systems, Inc. acting as nominee for Countrywide Bank, N.A. ("Countrywide") in the principal amount of $42,500.00 (the "Note"). A true and correct copy of this Note is attached hereto as Exhibit A.

16.    This Note was for a purported "line of credit."

17.    To secure repayment of the indebtedness evidenced by the Note, Plaintiff Jensen and her now-diseased husband simultaneously executed and delivered to Countrywide a Mortgage dated January 8, 2007 (the "Mortgage"). A true and correct copy of the Mortgage is attached hereto as Exhibit B.

18.    The Mortgage was created with a standard Countrywide mortgage form entitled "MERS HELOC – MN Mortgage."

19.    The Mortgage sets out that the amount of the mortgage is $42,500.00.

20.    The Mortgage identifies the mortgagors, the property to be encumbered, and important terms of the mortgage loan, including dispensation for taxes, maintenance, insurance, condemnation, security interest, and subordination, and other important terms consistent with a security interest on real estate.

21.    The Mortgage does not contain a maturity date and accordingly such date is not clearly stated in the Mortgage.

22.     Minnesota's statute of limitations on mortgage foreclosures provides that

the limitation period runs from the date of the mortgage unless the maturity date

is "clearly stated in such mortgage":

> Subd. 1. Limitation. No action or proceeding to foreclose a real estate
> mortgage, whether by action or advertisement or otherwise, shall be
> maintained unless commenced within 15 years from the maturity of the
> whole of the debt secured by the mortgage...
>
> Subd. 2. When time begins to run; commencement of proceedings. The
> time within which any such action or proceeding may be commenced
> shall begin to run from the date of such mortgage, unless the time of the
> maturity of the debt or obligation secured by such mortgage shall be
> clearly stated in such mortgage.

Minn. Stat. § 541.03.

23.     Because the Mortgage does not have a maturity date, the deadline for

lawfully commencing a mortgage was January 8, 2022, 15 years from the date of

the mortgage.

24.     Through assignment, the Bank of New York Mellon ("BONY") f/k/a The

Bank of New York as successor Indenture trustee to JPMorgan Chase, National

Association for CWHEQ Revolving Home Equity Loan Trust, Series 2007-A

purports to be the current mortgagee.

25.     Defendant Specialized Loan Servicing LLC ("SLS") is the servicer of

Jensen's Mortgage.

26.     SLS does not have policies or procedures in place for complying with Minn.

Stat. § 541.03, or in the alternative, to the extent it has policies or procedures in

place for complying with Minn. Stat. § 541.03, those policies or procedures are inadequate or are consistently not being followed.

27.    Evidencing as much, by way of letter dated February 14, 2022, SLS responded to a debt validation request sent by counsel for Jensen. A true and correct copy of that correspondence is appended hereto as Exhibit C.

28.    That correspondence contained the following statement:

> the security instrument remains as a lien on the property unless and until the debt is voluntarily paid in full or a foreclosure is completed.

29.    That statement was false and misleading in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5) and 1692e(10). On February 14, 2022, foreclosure of the mortgage was no longer lawful and the security instrument Minnesota Standards for Title Examinations, No. 25, provides that an examiner may disregard an unsatisfied mortgage or record, when 15 years have elapsed since its maturity, referring to § 541.03.

30.    In disregard of Minn. Stat. § 541.03, SLS referred Jensen's Mortgage for foreclosure.

31.    Defendant Miller and Associates was the law firm tasked by SLS with the foreclosure of Jensen's Mortgage.

32.    By way of letter dated April 26, 2022, Miller and Associates sent Jensen a "Preforeclosure Notice" that appended a form titled "Help For Homeowners In Foreclosure." A true and correct copy of that correspondence is appended hereto as Exhibit D.

33.    That correspondence stated that:

> This lender says you owe $43,430.58 (good through 4/29/2022) to bring your mortgage up to date. You must pay this amount, plus interest and other costs, to keep your house from going through a sheriff's sale.

34.    That statement was false, misleading, unfair, harassing and abusive in violation of 15 U.S.C. §§ 1692d, 1692e and 1692f. Foreclosure of Jensen's Mortgage was barred by Minn. Stat. § 541.03.

35.    On November 2, 2022, Plaintiff Jenson was served a notice of foreclosure.

36.    The notice of foreclosure contained the following statement:

> Pursuant, to the power of sale contained in said mortgage, the above described property will be sold by the Sheriff of said county...

37.    That statement was false, misleading, unfair and abusive in violation of 15 U.S.C. §1692d, 1692e and 1692f. By operation of Minn. Stat. § 541.03, the power of sale contained in the Mortgage was no longer operative; the mortgagee had no lawful basis to ask the Sheriff to sell Jensen's home and the Sheriff had no authority to lawfully sell Jensen's home.

38.    The notice of foreclosure was also published in violation of 15 U.S.C. § 1692c.

39.    The foreclosure notice was published in the Dakota County Tribune.

40.    The Dakota County Tribune is a qualified newspaper having its known office of issue in Dakota County, or in an adjoining county with a substantial portion of the newspaper's circulation in Dakota county.

41.    The foreclosure was published in the Dakota County Tribune on October 21, 28 and November 4, and 11, 2022.

42.    Under Minnesota law, a mortgage by advertisement is commenced upon publication of the first notice of sale.  Minn. Stat. § 541.03, subd. 2.

43.    However, on October 21, 2022, the statute of limitations to foreclose the mortgage had already run, because October 21, 2022 is more than 15 years from January 8, 2007, the date of the Mortgage.

## FACTUAL ALLEGATIONS COMMON TO PLAINTIFF AND THE PUTATIVE CLASS

44.    Defendants sought to foreclose a mortgage that did not bear a maturity date, more than 15 years after the date of the Mortgage.

45.    The Mortgage that they sought to foreclose was a standard Countrywide mortgage form entitled "MERS HELOC – MN Mortgage."

46.    Minnesota's statute of limitations on mortgage foreclosures provides that the limitation period runs from the date of the mortgage unless the maturity date is "clearly stated in such mortgage":

> Subd. 1. Limitation. No action or proceeding to foreclose a real estate mortgage, whether by action or advertisement or otherwise, shall be maintained unless commenced within 15 years from the maturity of the whole of the debt secured by the mortgage…
>
> Subd. 2. When time begins to run; commencement of proceedings. The time within which any such action or proceeding may be commenced shall begin to run from the date of such mortgage, unless the time of the maturity of the debt or obligation secured by such mortgage shall be clearly stated in such mortgage.

Minn. Stat. § 541.03.

47.    Because this Mortgage was prepared on a standard Countrywide mortgage form, it is likely other Minnesota homeowners have mortgage interests on their homes that have expired.

48.    Because Defendants SPS and Miller and Associates regularly foreclosure mortgages in Minnesota, it is likely that they have illegally foreclosed or intend to foreclose other expired Countrywide mortgages.

49.    Discovery will show that Defendants SLS and Miller and Associates utilize Minnesota's nonjudicial foreclosure procedure on these stale mortgages to avoid judicial scrutiny of obvious borrower defenses to foreclosure, the result of which is either payment by mortgagors of amounts they need not pay to prevent a foreclosure or the unlawful dispossession of their homes through nonjudicial action.

## CLASS ALLEGATIONS

50.    This action is brought on behalf of a class of similarly situated persons defined as (i) all consumers statewide (ii) against whom Defendants foreclosed their property; (iii) for which the statute of limitations for the foreclosure mortgage had run ; (iv) in an attempt to collect a debt incurred for personal, family, or household purposes as shown by Defendants' or the creditors' records; and (v) allegedly due for a home mortgage.

51.    The class period begins six years before the date this case was filed and continues through the conclusion of this case for claims under Minn. Stat. § 58.13.

52.    The class period begins one year before the date this case was filed and continues through the conclusion of this case for claims under 15 U.S.C. § 1692 et seq.

53.    The class is so numerous that joinder of all members is impracticable.

54.    There are questions of law and fact, common to the class, which predominate over any questions affecting only individual class members. The principal question is:

55.    Whether SLS' conduct violated Minn. Stat § 58.13.

56.    Whether Defendant Miller and Associates' conduct violated 15 U.S.C §§ 1692d, 1692e and 1692f.

57.    There are no individual questions, other than the identification of class members, which can be determined by ministerial inspection of Defendant's records or records of creditors.

58.    Plaintiff will fairly and adequately protect the interests of the class and are committed to vigorously litigating this matter.

59.    Plaintiff have retained counsel experienced in handling class actions of this type and consumer claims. Neither the Plaintiff nor her counsel have any interest which might cause her not to vigorously pursue this claim.

60.    Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and based on the same legal theories.

61.    Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

62.    The questions of law or fact common to the members of the class predominate over any questions affecting only individual members; and

63.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

64.    Certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate. Defendant has acted in a uniform manner toward the class thereby making injunctive and declaratory relief appropriate to cease further and future illegal conduct.

65.    Plaintiff requests the Court to certify a hybrid class or classes combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

**CAUSES OF ACTION**

**COUNT I**
**VIOLATIONS OF MORTGAGE ORIGINATOR AND SERVICER**
**LICENSING ACT**
**Minn. Stat. § 58 *et seq*.**
**Minn. Stat. § 8.31**
**AGAINST SLS**

66.     Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

67.     SLS is a residential mortgage servicer within the meaning of Minn. Stat. § 58.13.

68.     Minn. Stat. § 58.13, subd. 1(a)(8) prohibits a residential mortgage originator or servicer from "violat[ing] any provision of any other applicable state or federal law regulating residential mortgage loans including, without limitation, sections 47.20 to 47.208 and 47.58."

69.     Minn. Stat. § 58.13, subd. 1(a)(19) prohibits a residential mortgage originator or servicer from "mak[ing], publish[ing], disseminat[ing], circulat[ing], plac[ing] before the public, or caus[ing] to be made, directly or indirectly, any advertisement or marketing materials of any type, or any statement or representation relating to the business of residential mortgage loans that is false, deceptive, or misleading."

70.     The Mortgage is dated January 8, 2007 and it does not have a maturity date.

71.     Minnesota's statute of limitations on mortgage foreclosures provides that the limitation period runs from the date of the mortgage unless the maturity date is "clearly stated in such mortgage":

> Subd. 1. Limitation. No action or proceeding to foreclose a real estate mortgage, whether by action or advertisement or otherwise, shall be maintained unless commenced within 15 years from the maturity of the whole of the debt secured by the mortgage...

> Subd. 2. When time begins to run; commencement of proceedings. The time within which any such action or proceeding may be commenced shall begin to run from the date of such mortgage, unless the time of the maturity of the debt or obligation secured by such mortgage shall be clearly stated in such mortgage.

Minn. Stat. § 541.03.

72.     The notice of foreclosure was published in the Dakota County Tribune on October 21, 28 and November 4, and 11, 2022.

73.     Under Minnesota law, a mortgage by advertisement is commenced upon publication of the first notice of sale.  Minn. Stat. § 541.03, subd. 2.

74.     Minn. Stat. § 541.03 is a provision of any other applicable state law regulating residential mortgage loans as this governs the enforceability of mortgages through foreclosure and dictates the substance of certain title standards applicable to residential mortgage loans.

75.     On October 21, 2022, the statute of limitations to enforce the mortgage had run, because October 21, 2022 is more than 15 years from January 8, 2007.

76.     Because the Mortgage does not have a maturity date, the deadline for lawfully commencing a mortgage foreclosure was January 8, 2022.

13

77.     As set forth above, SLS does not have policies or procedures in place for complying with Minn. Stat. § 541.03, or in the alternative, to the extent it has policies or procedures in place for complying with Minn. Stat. § 541.03, those policies or procedures are inadequate or are consistently not being followed.

78.     As set forth above SLS violated Minn. Stat. § 58.13, subd. 1(a)(8) by foreclosing a time-barred Mortgage in direct violation of Minn. Stat. § 541.03.

79.     The publication of the notice of foreclosure constituted the publication of a statement or representation relating to the business of residential mortgage loans that is false, deceptive, or misleading. Namely, it falsely and misleadingly represented to Plaintiff and members of the public that the foreclosure of the Mortgage was lawful, when it was in fact barred by Minn. Stat. § 541.03.

80.     As set forth above, SLS violated Minn. Stat. § 58.13, subd. 1(a)(19) by publishing a notice of foreclosure for purposes of foreclosing on a time barred mortgage in violation of Minn. Stat. § 541.03.

81.     Plaintiff has been injured by SLS' violations of Minn. Stat. § 58.13. Namely, Plaintiff has been subjected to foreclosure of a time-barred mortgage, faces the imminent loss of her home and the emotional distress, anxiety, loss of sleep nausea, headaches and mental anguish, and has incurred out of pocket costs of investigation and attorney's fees in responding to SLS' unlawful foreclosure.

82.     A borrower injured by a violation of Minn. Stat. § 58.13 also may bring an action under Minn. Stat. § 8.31.  A private right of action by a borrower under this chapter is in the public interest.

14

83.     As a result of SLS' violations of Minn. Stat. § 58.13, Plaintiff is entitled to

actual, incidental, and consequential damages against SLS, statutory damages

equal to the amount of all lender fees included in the amount of the principal of

the residential mortgage loan, plus costs, disbursements, including the costs of

investigation, attorney fees and other equitable relief as determined by the Court.

84.     As a result of SLS's violations of Minn. Stat. § 8.31, Plaintiffs may recover

damages, together with costs and disbursements, including costs of investigation

and reasonable attorney's fees, and receive other equitable relief as determined

by the court. The court may, as appropriate, enter a consent judgment or decree

without the finding of illegality.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 *et seq*.**
**AGAINST MILLER AND ASSOCIATES**

85.     Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

86.     The FDCPA was enacted to eliminate abusive, deceptive, and unfair debt

collection practices because prior law was inadequate and is constructed "to

promote consistent State action to protect consumers against debt collection

abuses." 15 U.S.C. § 1692.

87.     Jensen is a consumer within the meaning of 15 U.S.C. § 1692a(3).

88.     Miller and Associates is a debt collector within the meaning of 15 U.S.C. §

1692a(6), using an instrumentality of interstate commerce or the mails in a

business with the principal purpose of collecting debts owed or due of another, and one who regularly enforces security interests. Specifically, it attempts to collect SLS's debts and foreclose on any security interests arising out of those debts.

89.    The statute of limitations had run for foreclosure of the Mortgage.

90.    Miller falsely represented to Jensen that she must pay $43,430.58, plus interest and other costs, to keep her house from going through a sheriff's sale.

91.    Miller and Associates unlawfully enforced Jenson's Mortgage by commencing a foreclosure by advertisement against her home.

92.    Defendant Miller and Associates, through the foregoing intentional and negligent acts and omissions, violated multiple provisions of the FDCPA including, but not limited to, 15 U.S.C. § 1692 et seq.:

   a.    Using false, deceptive, or misleading representations or means in collecting a debt, regarding the character and/or legal status of said debt. 15 U.S.C. § 1692e(2)(A);

   b.    Using false, deceptive, or misleading representations or means in collecting a debt, including the threat to take action that cannot be legally taken. 15 U.S.C. § 1692e(5);

   c.    Using unfair or unconscionable means to collect or attempt to collect a debt, including the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) that is not

expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1);

     d.     Using unfair or unconscionable means to collect or attempt to collect a debt, including taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if there is not present right to possession of the property claimed as collateral through an enforceable security interest or the property is exempt by law from such dispossession or disablement. 15 U.S.C. § 1692f(6).

     e.     Defendant Miller's conduct was abusive, harassing and oppressive in violation of 15 U.S.C. §1692d.

93.    As a result of each and every violation by Defendant of the FDCPA, Plaintiff is entitled to actual damages for emotional distress, statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(B); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**WHEREFORE,** Plaintiffs pray that judgment be entered against Defendants as follows:

As to Defendant SLS:

     a.     Certification of this action to proceed as a class action;

     b.     Appointing Plaintiff as class representative;

     c.     Appointing Plaintiff's counsel as class counsel;

     d.     For its violations of Minn. Stat. § 58, an award to Plaintiff for actual, incidental, and consequential damages, statutory damages equal to the

amount of all lender fees included in the amount of the principal of the residential mortgage loan, plus costs, disbursements, including the costs of investigation, attorney fees and other equitable relief as determined by the Court.

e.      Pursuant to Minn. Stat. § 8.31, an award to Plaintiff for damages, together with costs and disbursements, including costs of investigation and reasonable attorney's fees and other equitable relief as determined by the court.

As to Defendant Miller and Associates:

a.      Certification of this action to proceed as a class action;

b.      Appointing Plaintiff as class representative;

c.      Appointing Plaintiff's counsel as class counsel;

d.      Entry of the Declaratory Judgment fining Defendant's practices challenged herein violate the FDCPA;

e.      Entry of an Order enjoining Defendant from engaging in practices which violate the FDCPA;

f.      For an award of statutory damages of $1,000.00 for each and every violation pursuant to 15 U.S.C. § 1692k(a)(2)(B) against Defendant Miller and Associates;

g.      For an award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant Miller and Associates; and

h.      For such other and further relief as may be just and proper.

## TRIAL BY JURY

94.    Plaintiff is entitled to, and hereby demands, a trial by jury. US Const.

amend. VII; Fed. R. Civ. P. 38.


Dated this 21st day of November 2022.

Respectfully submitted,

By: s/Christopher Wilcox
Carl E. Christensen (#350412)
Christopher Wilcox (#392536)
**CHRISTENSEN LAW OFFICE PLLC**
305 North Fifth Ave., Ste. 375
Minneapolis, MN 55401
Ph: (612) 473-1200
Fax: (612) 823-4777
carl@clawoffice.com
chris@clawoffice.com

Thomas J. Lyons, Jr., Esq. (#249646)
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tommy@consumerjusticecenter.com

*ATTORNEYS FOR PLAINTIFF AND
THE CLASS*

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Elizabeth Jensen, having first been duly sworn and upon oath, depose and say as follows:

1.      I am a Plaintiff in this civil proceeding.

2.      I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all the facts contained in it are true, to the best of my knowledge, information, and belief formed after reasonable inquiry.

3.      I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.      I believe that this civil Complaint is not interposed for any improper purpose, such as to harass Defendants, cause unnecessary delay to Defendants, or create a needless increase in the cost of litigation to Defendants named in the Complaint.

5.      I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated this 21st day of November, 2022.

s/Elizabeth Jensen
Elizabeth Jensen